UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>FIRST FINANCIAL LENDER,<br><br>   Defendant. | Case No.: C 09-0545 PVT<br><br>**INTERIM ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; INTERIM ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS; AND ORDER RE-REFERRING CASE TO MAGISTRATE JUDGE LLOYD FOR SETTLEMENT CONFERENCE** |

On February 16, 2010, the parties appeared for hearing on Plaintiff's motion for summary judgment. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that, no later than February 24, 2010, Plaintiff shall file a supplemental brief addressing the issues of:

1) Whether or not Plaintiff has the burden of showing the date on which Defendant received any written communication informing Defendant that Plaintiff was opting to require Defendant to repurchase the loan, in order to establish the date Defendant breached any obligation it had to repurchase either of the loans;[1]

2) Whether or not the payments Plaintiff received on September 23 & 27, 2006 (within 30 days after the September 19, 2006 notice) cured the Early Payment

---

[1] *See* Declaration of Zachary Trumpp, Exh. A (Loan Purchase Agreement), Section 7 ("All demands, notices and communications hereunder shall be in writing and shall be deemed to have been duly given if mailed, by registered or certified mail, return receipt requested, or, if by other means, *when received* by the other party... ." Emphasis added.).

ORDER, *page 1*

    Default such as to relieve Defendant of any obligation it otherwise had to repurchase either of the loans;[2] and

3) whether or not Plaintiff's decision to sell Loan No. ****8761 at a discount (*see* Declaration of Zachary Trumpp, ¶ 16), rather than foreclose and acquire title to the mortgaged property, relieved Defendant of any obligation it otherwise had to repurchase that loan and/or indemnify Plaintiff, other than for breaches of Sections 702 or 709 of the Seller's Guide.[3]

  IT IS FURTHER ORDERED that, no later than March 2, 2010, Defendant may file a response to Plaintiff's supplemental brief.

  IT IS FURTHER ORDERED that Plaintiff's motion for sanctions is GRANTED as to monetary sanctions in the amount of $1,054.00.[4]  Defendant shall promptly reimburse Plaintiff in that amount.  Plaintiff's motion for sanctions is DEFERRED as to evidence preclusion sanctions, pending determination on Defendant's anticipated motion for additional time to comply with this court's prior order compelling discovery.  Any such motion for additional time must be filed no later than February 19, 2010.  Opposition to any such motion shall be filed no later than February 24, 2010.  The motion will be deemed submitted without oral argument.  Plaintiff's motion for sanctions is DENIED with regard to its request that the court strike Defendant's defenses.  Striking the defenses could amount to terminating sanctions.  Terminating sanctions are generally not warranted unless there is prejudice to the moving party and less drastic sanctions are unavailable.  *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Here, if Defendant obtains additional time to comply, and does comply, with this court's prior order, there may be little or no

---

[2] The letter dated September 19, 2006, states, in the third paragraph on the second page: "If you are unable to cure the defect or cannot provide sufficient evidence to refute our findings within 30 days, Lehman *will* require that you fulfill your obligations pursuant to the Agreement and the Seller's Guide and repurchase the loan." (*See* Declaration of Zachary Trumpp, Exh. E, emphasis added.)  The court also notes that this letter, regarding Loan No. ****4843, is the *only* notice in the record as to any Early Payment Default.  There appears to be no proof of any such notice in the record as to Loan No. ****8761.

[3] Section 710 of the Seller's guide provides, in pertinent part: "If Purchaser determines, for any reason, not to acquire title to the Mortgaged Property relating to the defaulted Mortgage Loan, Seller will nonetheless remain responsible to Indemnify Purchaser, pursuant to Section 711 hereof, with respect to any breach of Section 702 or 709 hereof."

[4] The court generally does not include in discovery sanctions awards the time spent by counsel in meet and confer efforts.  The court has also excluded the time entry that included review of correspondence regarding opposing counsel's motion to withdraw, which was unrelated to the discovery motion.

1  substantial prejudice to Plaintiff.  Moreover, less drastic sanctions of evidence preclusion are
2  available, if Defendant fails to obtain additional time to comply, or obtains time but again fails to
3  comply, with this court's prior order.
4      IT IS FURTHER ORDERED that this matter is re-referred to Magistrate Judge Lloyd for a
5  settlement conference.  The parties shall promptly contact Judge Lloyd's chambers to schedule the
6  settlement conference for the earliest available date that does not cause undue hardship to either
7  party.
8      IT IS FURTHER ORDERED that Plaintiff shall immediately serve (by fax and first class
9  mail) a copy of this order on Defendant's new counsel.
10     IT IS FURTHER ORDERED that Defendant's counsel shall promptly sign up for electronic
11 filing in this case.
12 Dated: *2/16/2010*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge